UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DON McKENZIE                                                CIVIL ACTION

VERSUS                                                      NUMBER: 04-0420-SS[1]

ST. TAMMANY PARISH SCHOOL
BOARD

**ORDER**

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Rec. doc. 60)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the defendant, St. Tammany Parish School Board, for partial summary judgment on the claims of the plaintiff, Don McKenzie ("McKenzie"), made pursuant to Title VII, 42 U.S.C. 2000e. Defendant contends that the claims arising prior to August 2002 are time barred and the claims arising after July 10, 2003 should be dismissed for failure to exhaust administrative remedies.

McKenzie does not dispute that some of his claims are time barred. He argues that other claims should not be dismissed for failure to exhaust administrative remedies. In the alternative, he contends that even if his Title VII claims should be dismissed, his claims pursuant to 42 U.S.C. §§

---

[1] The parties are requested to note that because they have consented to proceed before a Magistrate Judge, the caption should no longer refer to Section "F" or the initials for Judge Feldman ("MLCF"). If they continue to use Section "F", their pleadings may not receive timely consideration because they will be routed to Judge Feldman's chambers.

1981 and 1983 do not require that he exhaust his administrative remedies.[2] Section 1983 merely provides a mechanism for enforcing individual rights secured elsewhere; that is rights independently secured by the Constitution and laws of the United States. Gonzaga University v. Doe, 536 U.S. 273, 122 S.Ct. 2268, 2276 (2002). Unless McKenzie has a cause of action under Title VII or Section 1981, he does not have a claim under Section 1983. The defendant contends that even if McKenzie has a claim under Section 1981, punitive damages are not available. Counsel for plaintiff acknowledged this at the conference on April 17, 2006. Rec. doc. 56 at p. 3.

McKenzie, an employee of the defendant, alleges that from 1995 through the summer of 2004 he was denied promotions to assistant principal and principal positions at high schools operated by defendant. The following dates are pertinent:

a. January 24, 2003 - McKenzie's attorney transmitted a complaint to the EEOC (Rec. doc. 60).[3]

b. September 10, 2003 - McKenzie's attorney amended the EEOC complaint with reference to a July 10, 2003 decision to deny McKenzie a promotion to position of principal at Slidell High.

c. January 22, 2004 - The EEOC issued a right to sue letter.

d. February 13, 2004 - McKenzie filed a complaint in federal court. Rec. doc. 1.

e. September 30, 2004 - McKenzie amended the federal court complaint to include

---

[2] At a conference on April 17, 2006, McKenzie was ordered to report whether he intended to pursue his Sections 1981 and 1983 claims. Rec. doc. 56 at p. 2. A letter, dated April 24, 2006, was received from his counsel reporting that he would not voluntarily dismiss those claims.

[3] Despite a prior continuance of the trial date due in part to the fact that the parties did not have the EEOC agency records, Rec. doc. 56 p.4, those records were not submitted by either party in connection with this motion.

allegations concerning defendant's decision to deny him a promotion to the position of principal at Fontainebleau High.  Rec. doc. 9.

Although Sections 1981 and 1983 have no statute of limitations, the Louisiana prescription statute is applicable to suits in federal court under Sections 1981 and 1983.  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Washington v. Breaux, 782 F.2d 553, 554 n.1 (5th Cir. 1986). Louisiana law provides for a one year prescriptive period from the date of the injury or damage.  La. Civ. Code art. 3492; Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).  Plaintiff filed his complaint on February 13, 2004.  Rec. doc. 1.  Any claim under Sections 1981 and 1983 for non-promotion decisions occurring prior to February 13, 2003 are time barred.

In Louisiana and other deferral states, a Title VII plaintiff must file a charge of discrimination with the EEOC no more than 300 days after the alleged discriminatory employment occurred.  The filing of a timely charge of discrimination with the EEOC is a precondition to filing a civil action in federal court.  Mayes v. Office Depot, Inc., 292 F.Supp.2d 878, 887-88 (W.D.La. 2003).  The complaint was filed with the EEOC on January 24, 2003, so all Title VII claims for non-promotions occurring more than 300 days prior to that date are time barred.  The 300th date prior to January 24, 2003 is March 29, 2002.  Any Title VII claims occurring prior to March 29, 2002 are therefore time barred.

All claims for relief, whether under Title VII or Sections 1981 and 1983, for the following non-promotion decisions are time barred:

    a.    1995 - Assistant principal at Covington High (Rec. doc. 1 at para. 7).

    b.    1996 - Assistant principal at Slidell High (Rec. doc. 1 at para. 7).

      c.      1998 - Principal at Salmen High (Rec. doc. 1 at para. 8).

      d.      1998 - Principal at Mandeville High (Rec. doc. 1 at para. 9).

      e.      2001 - Principal at Northshore High.[4]

The next claim arose in August 2002, when McKenzie was denied the position of principal at Mandeville High. He did not file suit on this non-promotion decision until January 22, 2004, so any claims for relief under Sections 1981 and 1983 are time barred. However, his Title VII claim relating to this decision is not time barred as was made after March 29, 2002. McKenzie filed an EEOC complaint on January 24, 2003 and did not file a federal court complaint until after receipt of his right to sue letter. He exhausted his Title VII administrative remedies for the August 2002 non-promotion decision at Mandeville High.

On January 10, 2003, there was an opening for the position of principal at Slidell High. McKenzie was denied the promotion on July 10, 2003. In response, he filed an amended complaint with the EEOC that specifically refers to the decision. McKenzie's claims under Title VII and Sections 1981 and 1983 are timely and he exhausted his Title VII administrative remedies.

During the summer of 2004, McKenzie was denied a promotion to the position of principal at Fontainebleau High. This occurred during the pendency of this federal court action. McKenzie did not seek any administrative relief through the EEOC. Instead, he amended his complaint to include this claim. The issue is whether the claim should be dismissed for failure to exhaust administrative remedies.

---

[4] This position was first identified in the draft pre-trial order submitted in connection with the April 12, 2006 pre-trial conference which was converted to a status conference. At the April 17, 2006 conference, the parties agreed that these claims are time barred.

McKenzie argues that language in <u>Celestine v. Petroleos de Venezuella SA</u>, 266 F.3d 343 (5th Cir. 2001), demonstrates that he was not required to exhaust his administrative remedies on the 2004 Fontainebleau High claim but instead it was sufficient to amend his federal court complaint to allege the claim. In <u>Celestine</u>, the Fifth Circuit defined the temporal scope of the plaintiffs' Title VII claims as closing with the date on which the plaintiffs' EEOC charges were filed. 266 F.3d at 351. The Fifth Circuit added, "[t]he appellants did not attempt to amend their complaint or supplement their responses to interrogatories to include evidence of discriminatory acts occurring after this date." <u>Id</u>. The Fifth Circuit then considered whether the "continuing violation theory" permitted the plaintiffs to introduce evidence of alleged discrimination outside the temporal scope of the action. <u>Id</u>. <u>Celestine</u> was decided prior to <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 122 S.Ct. 2061 (2002). In <u>Morgan</u>, the Supreme Court rejected the continuous violation theory. See <u>Staples v. Reckamp</u>, 2005 WL 356281 (W.D.La.), where District Court recognized that <u>Morgan</u> invalidated <u>Celestine</u>'s use of the theory. <u>Id</u>. at *3. <u>Morgan</u> barred recovery for discrete acts occurring before the statutory time period. In <u>Romero-Ostolaza</u>, 370 F.Supp.2d 139 (D.C. 2005), the District Court found that,

> ... <u>Morgan</u> has, on the whole, been understood to also bar discrete acts occurring after the time period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court.

<u>Id</u>. at 149. The District Court held that plaintiff was required to demonstrate that he exhausted his administrative remedies with respect to each discrete act of retaliation and plaintiff was unable to maintain any retaliation claim that he had failed to exhaust. <u>Id</u>. McKenzie contends that there was

no rule of law requiring him to exhaust his administrative remedies at the time he was denied the Fontainebleau High promotion in the summer of 2004.  This is without merit.  Morgan was decided prior to the Fontainebleau High decision.  Even if it had been decided after McKenzie was denied the promotion, there is nothing in Morgan that indicates that it would not apply to pending claims.

McKenzie has no claim under Title VII for the Fontainebleau High decision because he failed to exhaust his administrative remedies.  His Section 1981 and his 1983 claims for equal rights under the law for the Fontainebleau High decision are timely.

Thus, the following claims remain for trial:

a. August 2002 - Principal at Mandeville High - Title VII claims only.

b. July 10, 2003 - Principal at Slidell High -Title VII and Sections 1981 and 1983 claims.

c. Summer 2004 - Principal at Fontainebleau High - Sections 1981 and 1983 claims only.

IT IS ORDERED that defendant's motion for partial summary judgment (Rec. doc. 60) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 17th day of July, 2006.



SALLY SHUSHAN
United States Magistrate Judge